# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EDWARD C. PRICE,
                      Appellant,

              v.

DEPARTMENT OF THE NAVY,
                      Agency.

DOCKET NUMBER
SF-0432-16-0245-I-1

DATE: September 15, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Edward C. Price, Lemoore, California, pro se.

Dawn Wilkie and Mary Allmann, San Diego, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal as untimely.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[*]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 Effective November 9, 2015, the agency removed the appellant from his position as a Transportation Assistant. Initial Appeal File (IAF), Tab 1 at 7. On January 20, 2016, the appellant filed a Board appeal challenging his removal. IAF, Tab 1. The administrative judge issued an acknowledgment order informing the appellant that his appeal appeared to be untimely filed and directing him to file evidence and argument to prove either that his appeal was timely filed or that good cause existed for his untimely filing. IAF, Tab 2 at 2-5. The appellant filed a supplemental response but did not address the timeliness issue. IAF, Tab 5. The agency moved to dismiss the appeal as untimely filed without good cause shown. IAF, Tab 6 at 5-6. The administrative judge issued a second order instructing the appellant to file evidence and argument concerning the timeliness of his appeal. IAF, Tab 7. The appellant subsequently filed a designation of representative, IAF, Tab 20, but did not respond to the timeliness order or the agency's motion to dismiss.

¶3 In an initial decision, the administrative judge dismissed the appeal as untimely filed without good cause for delay. IAF, Tab 21, Initial Decision (ID). The administrative judge found that the appellant's appeal was due by

December 9, 2015, and so his January 20, 2016 appeal was untimely filed by 42 days. ID at 3-4. The administrative judge further found that the appellant failed to establish good cause for his untimely filing because he failed to raise any arguments addressing his ability to timely file his appeal. ID at 5-6.

¶4    The appellant has filed a petition for review in which he appears to assert that his appeal was untimely filed because the agency withheld documents from him. Petition for Review (PFR) File, Tab 1 at 3. The agency has opposed the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5    Generally, an appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). An appellant bears the burden of proof by a preponderance of the evidence on the issue of timeliness. 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶6    As the administrative judge found, the record reflects that on November 9, 2015, the appellant received the agency's decision removing him effective that same day. ID at 3; IAF, Tab 1 at 4, 7, 13. Thus, under the Board's regulations, the appellant was required to file his removal appeal on or before December 9, 2015, or 30 days after the effective date of his removal. 5 C.F.R. § 1201.22(b)(1). The appellant did not file his removal appeal until January 20, 2016, or 42 days after the filing deadline. IAF, Tab 1. Thus, the administrative judge properly found that the appeal was untimely filed.

¶7    If an appellant fails to timely submit his appeal, it will be dismissed as untimely filed absent a showing of good cause for the delay in filing. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 10 (2014). To determine if an appellant has shown good

cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unfavorable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his claim. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶8    On review, the appellant asserts generally that the agency withheld documents from him. PFR File, Tab 1 at 3. The Board ordinarily will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶¶ 7-9 (2006) (refusing to consider the appellant's arguments, raised for the first time on review, in support of her position that she had good cause for untimely refiling her appeal) (citing *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980)). Because the appellant has provided no explanation for his failure to raise this argument below, we need not consider it on review.

¶9    We see no evidence indicating that the appellant could not have raised this argument before the administrative judge. As a registered e-filer, IAF, Tab 1 at 2, the appellant is deemed to have received the administrative judge's orders served on him electronically on the date of electronic submission, 5 C.F.R. § 1201.14(m)(2). On review, the appellant does not contend that he did not receive, and offers no explanation for his failure to respond to, either of the administrative judge's timeliness orders. Even if we were to consider the appellant's argument on review, his explanation does not support a finding of good cause because he has not explained what documents the agency allegedly withheld from him or how such circumstances prevented him from timely filing his appeal.

¶10      Accordingly, we affirm the initial decision dismissing the appeal as untimely filed without good cause.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.